In Section 11360, General Code, amendment is permitted without leave, and no reference is made to prepayment of costs.

It would therefore seem clear that the Legislature fully appreciated the propriety and justice of requiring prepayment of costs under certain circumstances, and that its failure to so require prepayment was not due to mere oversight, but was studied and purposefully intended to operate only in the instances where such prepayment is specifically required.

For these reasons, the demurrer is overruled.

*Demurrer overruled.*

MATTHEWS, P. J., and HAMILTON, J., concur.

McFADDEN, APPELLEE, *v.* PUBLIC LOAN CORP., APPELLANT.

(No. 1011—Decided December 10, 1941.)

*Mr. Samuel Herman,* for appellee.

*Mr. F. G. Ferguson* and *Messrs. Provenza & Friedman,* for appellant.

Stevens, J. This action in the Court of Common Pleas was one which sought a declaration of that court that two promissory notes signed by plaintiff were void because in violation of Section 6346-5a, General Code.

The cause was submitted to the trial court upon an agreed statement of facts, without the intervention of a jury, and that court found in favor of plaintiff as to both notes. Judgment declaring said notes to be void was then entered, and the matter is before this court as an appeal on questions of law and fact.

The facts are as follows:

The defendant is a corporation licensed by the state of Ohio to make small loans under Section 6346-1 *et seq.,* General Code.

On July 8, 1937, plaintiff, Sidney S. McFadden, and C. M. Hunker, as comakers, signed a note for Jerome L. McFadden in the amount of $200, which note was delivered to defendant, and which provided for payment of interest at the rate of 2½% a month.

On September 19, 1938, plaintiff executed and delivered to defendant another promissory note in the amount of $375, which note provided for "25 successive monthly payments of $15 each, plus interest before and after maturity at the rate of 2½% per month on any part of the unpaid monthly principal balance, not in excess of $......, and.... % per month on any remainder of the unpaid monthly principal balance, not exceeding the first $300 of the principal sum of said loan and at the rate of *two-thirds of one per cent per month* upon that portion, if any, of the principal sum in excess of $300 of the said loan, on the 17th day of October, 1938, and the same sum together with interest, as aforesaid, on the 17th day of each successive month thereafter until the full amount thereof with interest at said interest rates on all unpaid balances thereof is paid." (Italics ours.)

On July 22, 1940, the date of the last payment thereon, there was a balance owing on said first note of $135.33, and on February 28, 1941, the date of the last payment thereon, there was a balance of $209. 64 owing on said second note.

On said first note, interest was charged, collected, and applied to its payment at the rate of 2½% a month.

On said second note, interest was charged, collected, and applied at the rate of 2½% a month on $300, and two-thirds of 1% a month on the excess thereof, and at the rate of 2½% a month upon the entire balance thereof when said balance was reduced to $300 or less.

Each of said notes contained the following provision:

"In the event that any one or more of the undersigned shall be or become indebted to the payee hereof, in an aggregate principal sum in excess of three hundred dollars ($300.00), either upon the same or different obligations, then, and in that event, the liability of such debtor for interest shall be limited to the rate of eight per cent per annum upon that portion of the aggregate principal sum which is in excess of three hundred dollars ($300.00), the obligation otherwise to remain as herein set forth."

Section 6346-5a, General Code, provides:

"Provided, however, that upon the amount in excess of three hundred dollars ($300.00) for principal owing to the licensee for any such loan, purchases or furnishing guaranty or security, no licensee shall directly or indirectly charge, contract for or receive any interest or consideration greater than at the rate of eight per cent per annum, which shall include all charges, shall not be paid in advance and shall be computed on unpaid monthly balances, without compounding interest or charges. The foregoing eight per cent per annum limitation of rate herein made shall also apply to any licensee who permits any person, as borrower, or as endorser, guarantor, surety for, or as spouse of any borrower, to owe directly or contingently, or both, to the licensee at any time the sum of more than three hundred dollars ($300.00) for principal.

"If interest, consideration or charges in excess of those permitted by this act shall be charged, contracted for or received, the contract and all the papers in connection therewith shall be void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever."

"A statute like the one here involved [Section 6346-5a, General Code] should receive such interpretation as will accomplish the purpose intended." *Capital Loan & Savings Co.* v. *Biery*, 134 Ohio. St., 333, at p. 337, 16 N. E. (2d), 450.

From an examination of the last paragraph of the above section, it is apparent that the Legislature intended to prohibit the licensee from directly or indirectly charging, contracting for or receiving interest or consideration greater than permitted by the statute, under penalty of having the contract voided, and the right to collect principal, interest or charges forfeited.

The facts of the instant case do not present a situation where charges above those allowed by statute were erroneously or inadvertently made.

It will be observed that the second note provides for the monthly payment of interest on the amount of the loan above $300 at the rate of two-thirds of 1% a month. Such an exaction of interest is in excess of the 8% per annum limit fixed by the provisions of the statute.

The terms of the written contract executed by defendant and plaintiff as to the second note, show a clear intention on the part of the defendant to exact interest on $300 at the rate of 2½% a month, and this at a time when there was owing to defendant by plaintiff an additional sum in excess of $135.33.

In addition to the contract itself, the exhibits show that defendant did charge, collect and credit the payments made on the second note in accordance with the provisions of said note, and thus charged 2½% on a sum (represented by the two notes) substantially greater than $300.

Such procedure to us indicates that the defendant intended to and did contract for, charge and receive

interest upon said second note in excess of that permitted by statute.

The fact that the saving clause above set forth provides that no interest above the rates fixed by statute shall be charged, appears to us to be of no consequence in a consideration of this case. The defendant clearly abandoned any intention of relying upon, or complying with, the provisions of that clause unless its illegal conduct was challenged; this is evidenced by the rate of interest charged, collected and credited by it upon said second note, and by its failure to charge, and credit the sums so collected by it, in accordance with the provisions of said saving clause.

The exaction of interest upon the first note was not in violation of the statutory provisions.

We are of the opinion that, as to said second note, the defendant intentionally contracted for, charged and received interest in excess of that permitted by the statute. The various explanations and computations offered by defendant, do not, in our judgment, relieve it from the consequences of its intentional illegal exactions.

A decree may be drawn finding the first mentioned note to be valid and enforceable, and finding said second mentioned note, and all the papers in connection therewith, to be void and unenforceable; all at the costs of the defendant (appellant).

*Decree accordingly.*

DOYLE, P. J., and WASHBURN, J., concur.